IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANK ALVAREZ BEHL, § | | |
| TDCJ No. 00655265, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CAUSE NO. EP-22-CV-376-KC | |
| § | | |
| BOBBY LUMPKIN,[1] § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Frank Alvarez Behl petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1.[2] He also asks for a 90-day extension to reply to Respondent Bobby Lumpkin's answer. Pet'r's Mot., ECF No. 14. His motion is denied, and his petition is dismissed, because his claims are clearly unexhausted—a precondition for obtaining § 2254 relief—and he fails to state a cognizable basis for federal habeas corpus relief. He is also denied a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Behl is serving a 50-year sentence imposed on July 26, 1993. Pet'r's Pet., Ex. 1, ECF No. 1-1 at 3. He is confined at the John Wynne Unit of the Texas Department of Criminal Justice in Huntsville, Texas. Pet'r's Pet., ECF No. 1 at 1. He explains he pleaded guilty to first degree

---

[1] Behl names multiple respondents including the Governor of the State of Texas, but the only proper respondent in a § 2254 petition is his custodian and in his case that is Bobby Lumpkin, the Director of the Correctional Institutions Division for the Texas Department of Criminal Justice. *See* 28 U.S.C. foll. § 2254 R. 2 ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody.").

[2] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

murder in cause number 68374 in the 346th District Court of El Paso County, Texas. *Id*. And he is not eligible for mandatory supervision because he is serving a felony sentence under Texas Penal Code § 19.02. *See* Tex. Code Crim. P. art. 42.18, § 8(c)(1) (1990) ("A prisoner may not be released to mandatory supervision if . . . the prisoner is serving a sentence for . . . a first degree felony under Section 19.02, Penal Code") (now Tex. Gov't Code § 508.149(a)(2)). He complains the Texas Board of Pardons and Paroles (the Board) has denied him parole on six occasions—including as recently as January 3, 2022. Pet'r's Pet., ECF No. 1 at 7, 9. He asserts:

(1) the Board has denied him due process and equal protections by refusing to parole him six times;

(2) the Board has discriminated against him and denied him equal protection because it granted parole to similarly situated offenders;

(3) The Board's actions have resulted in his enslavement; and

(4) The Board's most recent decision, made after his flat and good time credits amount to nearly 73 years on a 50-year sentence, resulted in his wrongful confinement.

*Id*. at 6–7.

Behl does not suggest he challenged the Board's action through a state application or a writ of habeas corpus. *Id*. at 9. Indeed, he has not. Resp., Ex. C, ECF No 15-3. But he argues his claims are meritorious and entitle him to his freedom. *Id*. at 7. He asks the Court to enforce the laws "grounded in the U.S. Constitution, and ISSUE[ ] A WRIT OF HABEAS CORPUS." *Id*. (emphasis in original). He also asks the Court to order parole reform to ensure the system is equal, fair, and provides due process of law. *Id*.

Behl asks for a 90-day extension to reply to Lumpkin's answer. Pet'r's Mot., ECF No. 14. He also suggests in a preliminary reply that the parole system in Texas is broken and requires federal judicial intervention to fix it. Pet'r's Reply, ECF No. 16 at 5.

Any further delay in addressing Behl's claims would, for the reasons discussed below, serve no purpose. His motion for an extension of time will be denied. Moreover, the purpose of § 2254 "is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The purpose is not to initiate a judicial inquiry into alleged deficiencies in a state's parole system. The Court will not address Behl's claims concerning alleged deficiencies in the parole system in Texas in conjunction with his § 2254 petition.

## STANDARD OF REVIEW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Therefore, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court decided the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on

the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). They must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998). Finally, upon receiving a petition, they must "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

## ANALYSIS

### A.  Behl's Claims Are Wholly Unexhausted

Behl maintains he exhausted his administrative remedies by filing a request for a special review of his parole denial with the Board. Pet'r's Pet., ECF No. 1 at 8. In his request to the Board, he asserts his "procedural due process right to speak with a Voting Board Member in 2021 was abrogated and arbitrarily denied." *Id*., Ex. 2, ECF No. 1-2 at 3. As a result, he maintains he was denied the opportunity "to discuss potentially erroneous information contained in [his] parole file regarding the nature and facts surrounding the 1992 murder ease." *Id*. He further declares he was punished twice for the same offense, in violation of the Double Jeopardy Clause, because the parole panel relied on the sentencing factors considered by the sentencing court when it denied him parole. *Id*. at 4–5. He adds he was denied equal protection because a similarly situated convicted murderer, Lorenzo Ramirez, was released to the Kyle Unit. *Id*. at 5–6. He contends the Board violated the separation of powers doctrine when it exercised a judicial

function by extending his sentence beyond his combined flat and good time credits. *Id*. at 8. Notably, he does not claim he filed any applications for a state writ of habeas corpus to challenge any of these denials. *Id*. at 8. And the record shows he has not. Resp., Ex. C, ECF No 15-3.

Exhaustion of all remedies available in the state system is a prerequisite for obtaining § 2254 relief. 28 U.S.C. §§ 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exhaustion ensures federal-state comity and gives "the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). Exhaustion also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. 241, 251 (1886).

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing his petition in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In other words, a petitioner must present the same facts and legal theories upon which he bases his assertions to the state's highest court before he submits his federal petition. *Picard*, 404 U.S. at 275–77. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id*. at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

In Texas, the Court of Criminal Appeals is the highest court for criminal matters. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Consequently, a state prisoner may

attack improprieties regarding his parole revocation in the Court of Criminal Appeals through a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Hall*, 696 S.W.2d 915, 917 (Tex. Crim. App. 1985); *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc). In fact, the Court of Criminal Appeals routinely reviews complaints about purported defects in parole-revocation proceedings presented through applications for state habeas corpus relief. *See, e.g., Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App. 1991) (reviewing a claim regarding alleged defects in parole-revocation proceeding); *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1988) (reviewing a claim for credit for time served pending parole-revocation hearing).

"[T]he regulations creating the special review process do not suggest that special review has any effect on a potential habeas petition." *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing 37 Tex. Admin. Code § 145.17). Texas courts have allowed prisoners to bring state habeas claims without having gone through a special review. *Ex parte Geiken*, 28 S.W.3d 553, 555–56 (Tex. Crim. App. 2000).

Because Behl did not submit a state writ application to the Court of Criminal Appeals, his petition may be dismissed for failure to exhaust state remedies. But even if Behl had exhausted, he would not be entitled to relief based on the claims he presents in his petition.

### B. Behl Fails To State a Basis for Federal Habeas Corpus Relief

The gravamen of Behl's petition is the Board has wrongfully denied him parole. Pet'r's Pet., ECF No. 1 at 6–7. He suggests Texas Government Code § 508.145 creates a liberty interest implicating due process because it invokes an expectation of release to parole or a reduction in sentence. *Id.* at 6. He is wrong.

"There is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Consequently, individual states have no duty to establish a parole system. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). It is entirely up to each state to determine (1) whether to establish a parole system, and (2) the amount of discretion it will allow its parole decisionmakers.

In Texas, "[r]elease to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law." 37 Tex. Admin. Code § 145.3(1). So, Texas has established a discretionary parole system which does not create a liberty interest in parole protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). "It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson*, 110 F.3d at 308.

Because Behl does not have a liberty interest in parole in Texas, he cannot obtain federal habeas corpus relief based on the purported unconstitutionality of the Board's decision to deny him parole—or the alleged unconstitutionality of the procedural devices attendant to Board's decision. *Orellana*, 65 F.3d at 32; *see also Johnson*, 110 F.3d at 308–09 (explaining that allegations that a parole board considered unreliable or false information found in protest letters, without more, "do not assert a federal constitutional violation"). Accordingly, Behl's claims, as currently stated, are not cognizable on federal habeas corpus review.

**CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for dismissing Behl's claims on procedural or substantive grounds—or find that his current issues deserve encouragement to proceed in a federal court. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will, therefore, not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Behl has not exhausted his state remedies and he has not stated a cognizable federal habeas claim. The Court further concludes that Behl is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Behl's motion for an extension of time (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Behl's *pro se* petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust all his remedies available in the state system.

**IT IS FURTHER ORDERED** that Behl is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 31st day of March, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE